UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**LAWRENCE LATHAM,**             **CASE NO. 1:05CV343**
    **PLAINTIFF**                                **(SPIEGEL, J.)**
                                                         **(HOGAN, M.J.)**
     **VS.**

**CENTRAL COMMUNITY HEALTH
BOARD OF HAMILTON COUNTY,
INC.,**
    **DEFENDANT**

**ORDER**

        Before the Court are Defendant's Motion to Compel Discovery (Doc. 11), Plaintiff's Memorandum in Opposition (Doc. 15) and Defendant's Reply (Doc. 17).  The informal discovery conference, conducted on April 5, 2006, did not deal with the this Motion, although it was filed at the time of the conference.  Rather, the issue at that time was the proper place for the deposition of Plaintiff.  In any event, the issue for today's decision relates to certain deposition questions that were directed to Plaintiff and his answers thereto.  This case is an age and gender-based employment discrimination claim.  Defendant responds with an argument to the effect that Plaintiff's job was eliminated because of a legitimate reduction in force.

        Defendant first complains about Plaintiff's response to a deposition question in which Plaintiff was asked to explain the type of accounting duties he was qualified to perform.  Plaintiff had previously testified that he had sought to mitigate his damages by seeking employment in the field of accounting.  Plaintiff mentioned one type of accounting function, dealing with spreadsheets and word processing, but when counsel attempted to follow up, Plaintiff responded that the questions lacked specificity and were too general.  Since Plaintiff is not an accountant, but worked in a payroll position while employed by Defendant, the question is relevant to the failure-to-mitigate defense, at least for the period before subsequent employment was obtained.  Surely Plaintiff could have responded with a description of functions he performed while working for Defendant.  The Court agrees that the question was proper and when asked again,

Plaintiff shall give a more thoughtful and complete answer.

The second disputed issue involves Plaintiff's refusal (upon the directive of counsel) to answer a deposition question directed to Plaintiff's source of knowledge about his successor and the identity of his successor.  Plaintiff's rationale for his uncooperative response was twofold: (1) the information about the identity of the successor is within Defendant's direct knowledge and (2) since the source of that information had to come from an employee of Defendant, Plaintiff feared that there would be retaliation against that person.  In order to meet his burden of proof at the inevitable Motion for Summary Judgment stage of the case, Plaintiff may need to show the identity of his successor.  However, the source of that information would have to come from information supplied by Defendant.  We fail to see how disclosure of Plaintiff's source would aid Defendant in either understanding the elements of Plaintiff's claim or in attempting to rebut it.  Since the source of information is known to Defendant, the question has no purpose and is simply harassing.  While we don't condone directions to refuse to answer, absent a privilege issue, the simple fact is that counsel gambled correctly this time.  Plaintiff need not disclose the source of his information, nor speculate on the identity of his successor, if any.

The parties dispute the necessity for a reduction in force following a funding cut.  Defendant obviously believes such a reduction in force to be within the realm of prudent business  judgment.  Plaintiff believes the reduction in force to be a mechanism for a discriminatory judgment.  In any event, one of the four employees terminated was apparently rehired after a short passage of time.  It is not unreasonable for Plaintiff to be asked to identify the person he believes was rehired; however, to engage Plaintiff in a discussion of the terms and conditions of that employment or to ask him to disclose his source of information is pursuing information not likely to lead to the discovery of admissible evidence.  Defendant need only look to its own management to "discover" the facts it needs to know relative to whom, if anyone, was rehired and if any one was rehired, the terms and conditions of that employment.

The next issue pertains to Plaintiff's refusal to answer deposition questions regarding his coverage under his wife's health and benefit plan, even though he was so covered while employed by Defendant.  Plaintiff's argument is based on relevance and the fact that Mrs. Latham is not a party to this case.  The information Defendant seeks is directly relevant to Plaintiff's claim for benefits and exclusively within his control.  Plaintiff's refusal to answer was inappropriate.

Plaintiff listed Birdie Johnson, a current employee of Defendant, and Leonard Johnson, a

former employee, as witnesses who have knowledge concerning his case. Defendant attempted to question Plaintiff about the nature of that knowledge. Plaintiff refused to answer. Why Defendant insists on pursuing this issue, rather than deposing the Johnsons and learning the nature and scope of their knowledge is a mystery. The information sought is not only inadmissible, but not as likely to lead to the discovery of admissible evidence as is a direct contact with the witnesses. One would expect that the efficient and cost-effective use of the discovery methods available would lead to the conclusion that deposing the Johnsons trumps beating a dead horse.

Plaintiff apparently both copied and kept Defendant's documents containing employee information, such as addresses, social security numbers and dates of birth without Defendant's knowledge or permission. Plaintiff admitted that he made these copies while working for Defendant and that he did not do so secretly. At Plaintiff's deposition, he was asked about the confidential nature of these documents and gave an answer that indicated a degree of relativity, depending upon the purpose of the disclosure and the entity to whom it was made. The Court is again mystified about the point of the question. The information is certainly confidential, so the lay Plaintiff's legal opinion on the subject will not aid the Defendant in understanding the nature of Plaintiff's claims or asserting a defense. In any event, despite counsel's instructions to the contrary, Plaintiff answered the question.

Plaintiff refused to produce his tax records for the past four years, but did produce his W-2 forms. Plaintiff's rationale is based on relevance and the fact that he considers the request duplicative. The Court disagrees. Plaintiff's tax records are relevant to the issue of his damages as well as Defendant's argument on mitigation of damages. Tax records for the past four years must be produced.

In summary, Defendant's Motion to Compel is granted in part and denied in part as explained in the body of this Order.

      s/Timothy S. Hogan

June 13, 2006                                          _____
                                                Timothy S. Hogan
                                                United States Magistrate Judge