```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

|   |   |
|---|---|
| LAWRENCE LATHAM, | NO. 1:05-CV-00343 |
|     Plaintiff, | |
| vs. | |
|  | **OPINION AND ORDER** |
| CENTRAL COMMUNITY HEALTH BOARD OF HAMILTON COUNTY, INC., | |
|     Defendant. | |

This case is before the Court on Defendant's Motion for Summary Judgment (doc. 28), Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (doc. 29), Defendant's Reply Memorandum in Support of Motion for Summary Judgment (doc. 31), Plaintiff's Surreply in Opposition to Defendant's Motion for Summary Judgment (doc. 37), and Defendant's Response to Plaintiff's Surreply (doc. 38).  For the reasons stated herein, the Court GRANTS Defendant's Motion for Summary Judgment (doc. 28).

**I.   Background**

Central Community Health Board of Hamilton County (CCHB), is a private, non-profit corporation that provides mental and behavioral health care services in Hamilton County, Ohio (doc. 28). In 1991, CCHB hired Plaintiff as an accounting clerk (Id.). Plaintiff eventually began to work for the Fiscal Administration Department at CCHB, where Deborah Smith was his supervisor (doc.

29).  Plaintiff was responsible for preparing the payroll and performing other payroll-related duties (Id.).  In May 2004, CCHB learned that it would be subject to a substantial funding cut from Hamilton County (doc. 28).  As a result of impending budget cuts, CCHB determined that it had to reduce its staff (Id.).  Plaintiff was subsequently terminated in July 2004 (Id.).  Plaintiff contends the decision to terminate him was impermissibly motivated by his age and gender, and that he was more qualified than the younger women retained in the Fiscal Administration Department, Deborah Smith, Theressa Hubbard, and Heather Meredith (Id.).

Plaintiff has multiple degrees in business administration and accounting, whereas Smith and Hubbard have no formal training in accounting (doc. 29).  Plaintiff contends that due to his experience, he should have been retained instead of either Smith or Hubbard and should have taken the position of whomever was terminated (Id.).  CCHB claims that Plaintiff's position was eliminated because his duties were easily absorbed by other employees and Plaintiff received lower performance evaluations than both Smith and Hubbard (doc. 31).

Plaintiff also contends that CCHB should have retained him to fill a new position instead of hiring Heather Meredith (doc. 29).  Plaintiff claims that three months prior to his termination, CCHB hired a significantly younger female from a temporary agency to fill this new position for which Plaintiff claims he was

qualified (Id.). Plaintiff also claims that the decision to hire Meredith was made after CCHB became aware of the impending budget cuts (Id.). CCHB argues that it was not aware of the impending budget cuts at the time it hired Meredith (doc. 31). Furthermore, CCHB contends that Plaintiff could not have filled Meredith's position because that position was funded separately by Hamilton County on the condition that it was filled with a temporary employee (Id.).

Additionally, Plaintiff claims that William Kaiser, Chief Financial Officer of CCHB, told him about the impending changes in June 2004, but that Plaintiff should not worry because CCHB would find another position for him (doc. 29). Plaintiff also claims that Kaiser made jokes about Plaintiff's age (Id.).

On May 18, 2005, Plaintiff instituted this instant action, asserting six claims against CCHB (doc. 28). Plaintiff alleged gender discrimination in violation of both state and federal law, age discrimination in violation of both state and federal law, breach of public policy, and promissory estoppel (Id.). Plaintiff has since withdrawn his claim of breach of public policy (doc. 29). On May 1, 2006, CCHB filed a motion for summary judgment (doc. 28). This case is now ripe for the Court's consideration.

**II. Summary Judgment**

Although a grant of summary judgment is not a substitute

3

for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also

4

LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781,

5

784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F .2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating

6

that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**III. Age Discrimination**

Both Ohio and Federal law prohibit discrimination on the basis of age in employment decisions. Ohio Rev. Code §4112.02(A), 42 U.S.C. §2000(c) et seq. Ohio courts look to federal cases interpreting Title VII of the Civil Rights Act of 1964 when considering age discrimination under Ohio law. Plumbers & Steamfitters Joint Apprentice Committee v. Ohio Civil Rights Commission, 66 Ohio St.2d 192, 196, 421 N.E.2d 128 (Ohio 1981). In order to make a claim of age discrimination under either law, a plaintiff must establish a prima facie case by either direct or indirect evidence. Allen v. Ethicon, Inc., 919 F. Supp. 1093, 1098 (S.D. Ohio 1996).

In order to establish a prima facie case, a plaintiff must show that he (1) is a member of the protected class, (2) suffered an adverse employment action, (3) was qualified for the position, and (4) was replaced by a substantially younger person. Godfredson v. Hess & Clark, Inc., 173 F.3d 365, 371 (6th Cir. 1999). However, in reduction in force cases, the plaintiff

7

employee suffering the adverse employment action is not replaced, so the plaintiff must present evidence that the employer chose to terminate the plaintiff for impermissible reasons (Id.). If the plaintiff can establish a prima facie case, the burden then shifts to the employer to show that the reason for terminating the plaintiff was not discriminatory. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). And if the employer establishes a non-discriminatory reason for terminating the plaintiff, the burden then returns to the plaintiff to show that the reason is merely a pretext (Id. at 804).

  CCHB does not dispute that Plaintiff meets the first three elements of a prima facie case (doc. 29). The question is whether there is any evidence to indicate that CCHB chose to terminate Plaintiff for impermissible reasons. CCHB was forced to eliminate a few positions as a result of a significant reduction in funding from Hamilton County (doc. 28). Defendant contends that William Kaiser came to the conclusion that Plaintiff's position was more easily assimilated by other employees than the other positions in the Fiscal Administration Department (doc. 31).

  Plaintiff claims that the decision to terminate him, but retain the other two employees in the Fiscal Administration Department, was made because of Plaintiff's age (doc. 29). However, Smith and Hubbard, the two remaining employees in the Fiscal Administration Department, were both over forty years of age

8

(doc. 31). When one employee is terminated and his duties are redistributed among other employees, and one of the employees to which the work was redistributed is a member of the same protected class, a prima facie case is necessarily not established. Vickers v. Wren Industries, Inc., et al., 2005-Ohio-3656, ¶26, 2005 WL 1685101, at *4 (Ohio App. 2 Dist. 2005), citing Fenton v. Time Warner Entertainment Co., 2003-Ohio-6317, ¶8, 2003 WL 22781322, at *2 (Ohio App. 2 Dist. 2003). The protected class in age discrimination cases consists of those over the age of forty. Godfredson, 173 F.3d at 371. Therefore, because Smith and Hubbard were in the same protected class as Plaintiff, he cannot establish a prima facie case of age discrimination.

Furthermore, supposing Plaintiff could establish a prima facie case, he would be unable to rebut CCHB's non-discriminatory reasons for terminating him. Plaintiff claims that CCHB's decision to terminate his position as part of a reduction in force was a pretext for age discrimination (doc. 29). However, Plaintiff does not argue that a reduction in force was unnecessary, only that he could have just as easily assumed the position of either Smith, his supervisor, or Hubbard, who was in charge of accounts payable (Id.). However, CCHB was not required to offer him another position. "When an employee's position is terminated due to a reduction in work force, the federal age discrimination statute does not require the employer to transfer the terminated employee

9

to another position regardless of whether the other position is occupied by a less qualified, younger individual." Meyer v. Ernst & Young, 837 F.Supp. 865, 867 (S.D. Ohio 1993). Additionally, the legitimate business decision of a company regarding employees is evidence of pretext only if the decision was so unsound that the employer could not have actually relied on it. Cookston v. Cavalier Corp., No. 89-00141, 1991 WL 132515, at *3 (6th Cir. July 19, 1991).

Plaintiff claims that William Kaiser joked about Plaintiff's age, and that the joking is evidence of a pretext of age discrimination (doc. 29). Kaiser acknowledged that he joked about Plaintiff's age, as well as his own age, however the jokes were stray remarks and unrelated to the decision-making process (doc. 31). Ageist comments are not automatically indicative of a discriminatory decision, and must be taken in context. Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 357 (6th Cir. 1998). Factors such as the purpose and content of the statement and the relationship between the statement and the employment action must be considered (Id.). In this situation, the joking seems to have been little more than friendly banter between coworkers and was unrelated to Plaintiff's termination.

Plaintiff's claim that CCHB's reduction in force was a pretext for age discrimination is further weakened by the fact that of the five people terminated as a result of the reduction in

10

force, three were under the age of forty and two were over the age of forty (doc. 28). The decision to reduce the workforce and eliminate Plaintiff's position was a sound, non-discriminatory business decision, based on funding cuts. Plaintiff in no way rebutted Defendant's representation that the County funded Heather Meredith's position on the condition that such position would be filled with a temporary employee. Therefore, Plaintiff failed to show that there is a genuine issue of material fact as to whether CCHB's decision to terminate Plaintiff was impermissibly motivated by his age and CCHB is entitled to a judgment as a matter of law.

**III. Gender Discrimination**

Plaintiff also alleges that CCHB's decision to terminate him was gender discrimination in violation of Title VII and Ohio Rev. Code §§ 4112.02(A) and 4112.99 (doc. 28). As with age discrimination, claims under both Federal and Ohio law are treated the same. <u>Plumbers</u>, 66 Ohio St.2d at 196. In order to prove gender discrimination, Plaintiff must establish a <u>prima facie</u> case, and then the burden shifts to CCHB to show that there was a non-discriminatory reason for terminating Plaintiff. <u>Pierce v. Commonwealth Life Insurance Co.</u>, 40 F.3d 796, 801 (6th Cir. 1994). The Sixth Circuit has developed a two-part test to establish a <u>prima facie</u> case for reverse gender discrimination. Plaintiff must show that (1) "background circumstances support the suspicion that

11

the defendant is that unusual employer who discriminates against the majority"; and (2) "that the employer treated differently employees who were similarly situated but not members of the protected class."

The only evidence of background circumstances that may support the notion that CCHB is that unusual employer that discriminates against the majority produced by Plaintiff is a list of employees showing that CCHB employs approximately 191 women and eighty-two men (doc. 29).  CCHB opposes the Court's consideration of this evidence because CCHB claims that it is unauthenticated (doc. 31).  Without reaching a decision on the authenticity of the evidence, the Court finds that without any additional information about hiring practices, this evidence hardly establishes that CCHB discriminates against men.  In fact, of the five employees discharged in July 2004, two, including Plaintiff, were male, and three were female (doc. 28).  As discussed above, CCHB had a legitimate reason to reduce its workforce and there is no evidence that the decision to terminate Plaintiff was impermissibly influenced in any way by Plaintiff's gender.  Plaintiff has failed to establish a <u>prima facie</u> case of reverse gender discrimination.  Accordingly, the Court finds that there is no genuine issue of material fact as to the alleged reverse gender discrimination and CCHB is entitled to a judgment as a matter of law.

**IV.  Promissory Estoppel**

Under Ohio law, promissory estoppel is applicable to at-will employment situations if the employer makes a promise and the employee reasonably relies on that promise to his detriment. Mers v. Dispatch Printing Co., 19 Ohio St.3d 100, 105, 483 N.E.2d 150, 155 (Ohio 1985).  William Kaiser discussed the impending budget cuts with Plaintiff in June 2004, and told him not to worry because if his position were to be eliminated, CCHB would find a new position for him (doc. 29).  CCHB subsequently eliminated Plaintiff's position and terminated his employment a month after the discussion between Kaiser and Plaintiff (Id.).  Plaintiff claims that as a result of the promise, he postponed his job search and that his job search became much more difficult after he was terminated from CCHB (Id.).  However, Plaintiff provides no evidence to show how his job search was more difficult after his termination (doc. 31).  He also stated that at no point during his employment with CCHB did he turn down alternative employment based on Kaiser's promise (Id.).

Plaintiff did not show any reliance on Kaiser's promise other than refraining from beginning a job search (Id.).  There is no detrimental reliance where an employee has not sought employment or not given up any opportunities for employment based on a promise. Young v. Hobart Bros. Co., No. 89-CA-63, 1991 WL 3843, at *9 (Ohio App. 2 Dist. January 14, 1991).  In fact, it does not

13

appear that Plaintiff has begun a job search since his termination from CCHB (Id.). Plaintiff has failed to demonstrate a genuine issue of material fact as to his reliance on Kaiser's promise of continued employment. Therefore, CCHB is entitled to a judgment as a matter of law.

**V.  Conclusion**

Plaintiff has failed to establish a prima facie case regarding his claims of age and gender discrimination. Plaintiff has also failed to establish a claim of promissory estoppel because he has provided no evidence of reliance on William Kaiser's promise. Even accepting the facts as presented by Plaintiff, no reasonable jury could rule in his favor. Having concluded that there are no genuine issues of material fact and that CCHB is entitled to judgment in its favor as a matter of law on all five remaining counts of the complaint (doc. 1), this Court GRANTS Defendant's Motion for Summary Judgment (doc. 28) and DISMISSES this case from the Court's docket.

SO ORDERED.

Dated: July 17, 2006         /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge